UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARDEEP SINGH, A-064-022-934,<br>Petitioner,<br>v.<br>WARDEN, CALIFORNIA CITY DETENTION FACILITY, et al.,<br>Respondents. | No. 1:26-cv-002392 DJC AC<br><br>FINDINGS & RECOMMENDATIONS |

Petitioner, an immigration detainee proceeding through counsel, has filed an Amended Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging his continued detention by the Bureau of Immigration and Customs Enforcement ("ICE"). ECF No. 15. He alleges respondents have provided insufficient evidence of his past criminal convictions to verify he is subject to mandatory detention pursuant to 8 U.S.C. § 1226(c), or alternatively, his continued and prolonged detention without a bond hearing violates his due process rights under the Fifth Amendment. Id. at 3-4. Because petitioner's detention pursuant to 8 U.S.C. § 1226(c) for approximately six months without a bond hearing is no longer within the brief, constitutionally permissible period contemplated by the U.S. Supreme Court in Demore v. Kim, 538 U.S. 510 (2003), the undersigned recommends the petition be GRANTED and respondents be directed to provide petitioner a bond hearing before an immigration judge.

I. Factual Background

Petitioner is a native and citizen of India. He entered the United States on January 1, 2015 as a lawful permanent resident, and resided in the United States for over a decade. ECF No. 8-3 at 2 (I-213).

According to records provided by respondents, petitioner has several prior criminal convictions in the California Superior Court of Sutter County. ECF Nos. 8-2, 8-3. According to petitioner's I-213 and Records of Arrests and Prosecutions ("RAP sheet"), his criminal history includes a February 2024 conviction for violating California Penal Code 496A(A) by knowingly receiving stolen property, for which petitioner was sentenced to 289 days in jail.[1] ECF No. 8-3 at 3, 8-2 at 15. In addition, petitioner was convicted in November 2022 of violating California Penal Code 273.5(A) for inflicting corporal injury on a spouse or co-habitant, and he was sentenced to one-year imprisonment. Id.; ECF No. 8-2 at 11-13. Petitioner was also convicted of assault with a deadly weapon in violation of California Penal Code 245(a)(1) in November 2019, and sentenced to three years imprisonment, in addition to several earlier misdemeanor convictions. Id.; ECF No. 8-2 at 4-6, 9; 8-3 at 3.

According to petitioner's I-213, ICE placed a detainer on petitioner during his 2025 incarceration at the Pleasant Valley State Prison, but ICE's detainer was not honored, and petitioner was released at the conclusion of his sentence. ECF No. 8-3 at 2. Petitioner was subsequently arrested by ICE officers on February 24, 2026 at a gas station, and has been detained by ICE ever since. ECF No. 8-3 at 3. It is undisputed that petitioner did not receive notice or a pre-detention hearing.

---

[1] Although petitioner challenges the sufficiency of respondents' evidence submitted in this habeas proceeding to verify his criminal history – and the court agrees that petitioner's RAP sheet is not a model of clarity – plaintiff does not deny having criminal convictions that implicate 8 U.S.C. § 1226(c) or specifically dispute any of the convictions identified on the RAP sheet or petitioner's I-213. ECF No. 15 at 3; ECF No. 17 at 2. Indeed, petitioner's initial petition readily acknowledged that "he has several criminal offenses on his record which are all convictions and he is done with all sentences and punishment accordingly by [sic] criminal court," but he "also has no pending charges [at] present." ECF No. 1 at 5.

ICE initiated removal proceedings by issuing a Form-I-862 Notice to Appear[2] on February 25, 2026, charging petitioner with being removable pursuant to INA § 237(a)(2)(A)(iii) as a person who has been convicted of an aggravated felony as defined in 8 U.S.C. § 101(a)(43)(F).[3] ECF No. 8-1 at 2 (Ortiz-Martinez Decl.). An "aggravated felony" under 8 U.S.C. § 1101(a)(43)(F) includes crimes of violence with a sentence of at least one year. Although respondents' cursory opposition briefs fail to identify which conviction(s) constituted aggravated felonies (ECF No. 8-1 at 2, 16 at 1-2), it appears clear that at a minimum, petitioner's November 2019 conviction for assault with a deadly weapon, which resulted in a three-year sentence, satisfies the statutorily criteria. Petitioner has not advanced any argument to the contrary.

Petitioner has remained in ICE custody since February 24, 2026, and is currently detained at the California City Immigration Processing Center.

II. Procedural History

Proceeding pro se, petitioner filed a petition for writ of habeas corpus and request for injunctive relief in March 2026. ECF No. 1. District Judge Calabretta directed respondent to file an opposition. ECF No. 6. Respondents opposed petitioner's request for habeas and injunctive relief, arguing that petitioner is subject to the mandatory detention statute based on his criminal history pursuant to 8 U.S.C. § 1226(c), and that his detention is neither prolonged nor indefinite. ECF No. 8 at 1. Judge Calabretta referred the matter to the undersigned. ECF No. 10. In light of the complexity of the legal issues involved, the undersigned granted petitioner's motion for appointment of counsel to aid him in filing an amended petition. ECF No. 12.

With assistance of counsel, petitioner's Amended Habeas Petition was filed on April 15, 2026. ECF No. 15. Petitioner raises three grounds for relief. First, he alleges the government has not met its burden of establishing that he is subject to mandatory detention pursuant to 8

---

[2] Respondents should have provided the court with a copy of petitioner's NTA and failed to do so. However, because the court finds petitioner is entitled to habeas relief in the form of a bond hearing, it is unnecessary to further delay that relief by ordering respondents to supplement the record at this time.

[3] An "aggravated felony" under 8 U.S.C. § 1101(a)(43)(F) includes crimes of violence with a sentence of at least one year. Petitioner's 2019 conviction for assault with a deadly weapon, which resulted in a three-year sentence, satisfies the statutory criteria.

U.S.C. § 1226(c) by producing records of convictions sufficient to establish that petitioner has been convicted of an offense that qualifies as an aggravated felony under section 1226(c). Specifically, petitioner argues that the declaration of an ICE deportation officer, RAP sheet, and I-213 furnished by respondents are insufficient to establish the nature of petitioner's underlying convictions for purposes of mandatory detention. Id. at 3. Second, petitioner claims that his continued detention for months without any individualized determination of flight risk or danger violates his federal due process rights. Id. at 4. Third, petitioner alleges in the alternative that even if his initial detention was lawful, his continued and prolonged detention without a bond hearing violates his due process rights. Id.

Respondents' opposition brief simply reiterates their prior argument that petitioner is detained pursuant to 8 U.S.C. § 1226(c) based on his criminal conviction(s). ECF No. 16 at 1. To the extent that petitioner is seeking to challenge the adequacy of the government's proof that petitioner is subject to 8 U.S.C. § 1226(c), respondents point out that petitioner is required to exhaust any claim that he is being wrongfully detained pursuant to 8 U.S.C. § 1226(c) before the immigration authorities. Id. (citing Demore v. Kim, 538 U.S. 510, 514 n.3 (2003) (explaining that petitioners have the right, in administrative immigration proceedings, to request a "Joseph hearing" to challenge whether they are covered by § 1226(c)). Because to date, petitioner has not challenged his detention or requested a Joseph hearing, respondents contend that the court should decline to address this issue for the first time in this habeas proceeding. Id.

In his traverse, petitioner argues that exhaustion is prudential, rather than jurisdictional, and therefore his failure to challenge his detention pursuant to 1226(c) in a Joseph hearing should be excused. ECF No. 17 at 3 (citing Hernandez v. Sessions, 872 F.3d 976, 988 (9th Cir. 2017) (providing that prudential exhaustion may be excused where administrative remedies are inadequate, futile, or unable to provide effective relief)). Although petitioner identifies many shortcomings in respondents' cursory briefing in this case, he does not attempt to explain why seeking a Joseph hearing in the immigration courts would be inadequate or futile. ECF No. 17 at 1-4.

III. Discussion

A. 28 U.S.C. § 2241

A writ of habeas corpus may be granted to anyone who is held in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3); Magana-Pizano v. I.N.S., 200 F.3d 603, 609 (9th Cir. 1999) ("28 U.S.C. § 2241 expressly permits the federal courts to grant writs of habeas corpus to aliens when those aliens are 'in custody in violation of the Constitution or laws or treaties of the United States.'" (citations omitted)). In federal habeas proceedings, the petitioner is required to prove their case by a preponderance of the evidence. Davis v. Woodford, 384 F.3d 628, 638 (9th Cir. 2004).

B. Plaintiff's First Claim Regarding Sufficiency of Evidence of Past Convictions

As a threshold matter, the court notes that petitioner is not entitled to habeas relief on his first claim. Petitioner contends that respondents have failed to prove that his classification under § 1226(c)(1) is correct. ECF No. 15 at 3. However, this court has held that a challenge of that nature should be raised, at least in the first instance, with immigration authorities. It appears undisputed that to date, petitioner has not done so.

As noted above, Section 1226(c) "carves out a statutory category of [noncitizens] who may *not* be released under § 1226(a)," mandating detention for a noncitizen "who falls into one of several enumerated categories involving criminal offenses." Jennings v. Rodriguez, 583 U.S. 281, 289 (2018) (emphasis in original). Noncitizens "who deny that they satisfy any § 1226(c) predicate may challenge their mandatory detention in a Joseph hearing" in immigration court. Nielsen v. Preap, 586 U.S. 392, 418 n.8 (2019). At a Joseph hearing, "the detainee may avoid mandatory detention by demonstrating that he is not an alien, was not convicted of the predicate crime, or that the INS is otherwise substantially unlikely to establish that he is in fact subject to mandatory detention." Demore, 538 U.S. at 514, n.3. Petitioner's proper recourse is to seek a Joseph hearing in immigration court, rather than the relief he has sought in this Court in the first instance. See, e.g., Jonathan G.P. v. Mullen, No. 1:26-cv-03196-RLP, 2026 WL 2018619, at *5 (E.D. Cal. July 13, 2026) (ordering Respondents to provide Joseph hearing where Petitioner challenged the applicability of 1226(c)); Rakeshkumar H.P. v.

Warden, California City Corr. Ctr., No. 1:26-cv-02869-MWJS, 2026 WL 1146201, at *1 (E.D. Cal. Apr. 28, 2026) (denying petition where Petitioner's proper recourse for challenging his detention under 1226(c) was a Joseph hearing); Martinez Rodriguez v. Warden, Central Valley Annex, No. 1:26-cv-3681-DC-CSK, 2026 WL 1864641 (E.D. Cal. June 29, 2026) (dismissing petition for failing to exhaust administrative remedies by not first seeking a Joseph hearing to challenge his detention under 1226(c)).

Petitioner has not exhausted his administrative remedies by first seeking a Joseph hearing to challenge his detention under 1226(c). Furthermore, as discussed above, petitioner has not advanced any arguments to show why his failure to properly exhaust this claim through a Joseph hearing should be excused on the grounds that such a hearing would be inadequate or futile. ECF No. 17 at 1-4. As a result, the court finds that petitioner is not entitled to relief on his first claim.

Although the court finds that petitioner appears subject to detention under 1226(c), this is not the end of the inquiry. The court will turn next to petitioner's alternative claim that his prolonged detention without a bond hearing violates his federal due process rights. ECF No. 15 at 4.

C. Due Process in Prolonged Immigration Detention

The Fifth Amendment's Due Process Clause provides that "[n]o person shall be . . . deprived of life, liberty, or property, without due process of law." "It is well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings," Reno v. Flores, 507 U.S. 292, 306 (1993), and "[a] statute permitting indefinite detention of an alien would raise a serious constitutional problem," Zadvydas v. Davis, 533 U.S. 678, 690 (2001). The Supreme Court nevertheless has recognized that "[d]etention during deportation proceedings is a constitutionally permissible part of [the deportation] process." Demore, 538 U.S. at 531; see also Carlson v. Landon, 342 U.S. 524, 538 (1952) ("[d]etention is necessarily a part of this deportation procedure").

Congress has enacted a complex statutory scheme governing the detention of noncitizens during removal proceedings and following the issuance of a final order of removal. "Where an alien falls within this statutory scheme can affect whether his detention is mandatory or

discretionary, as well as the kind of review process available to him if he wishes to contest the necessity of his detention." Prieto-Romero v. Clark, 534 F.3d 1053, 1057 (9th Cir. 2008).

The authority to detain certain noncitizens already in the country pending the outcome of removal proceedings is found in 8 U.S.C. §§ 1226(a) and 1226(c). Here, respondents contend that petitioner has been detained pursuant to § 1226(c)(1), which provides for mandatory detention of any noncitizen who is inadmissible by reason of having been convicted of a crime of violence as defined by 8 U.S.C. § 1101(a)(43)(F). Specifically, 8 U.S.C. § 1226(c)(1) provides that "[t]he Attorney General shall take into custody any alien who . . . is deportable by reason of having committed" an aggravated felony. As noted above, **"**aggravated felony**"** is defined in 8 U.S.C. § 1101(a)(43)(F), which mandates that a conviction meet two requirements. First, the conviction must be "an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or . . . is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 16. Second, "the term of imprisonment [must be] at least one year." 8 U.S.C. § 1101(a)(43)(F). As noted above, petitioner's 2019 felony conviction for assault with a deadly weapon, resulting in a three-year sentence, satisfies the criteria of 8 U.S.C. § 1226(c)(1).

Even for noncitizens detained pursuant to 8 U.S.C. § 1226(c)(1), however, this Court has joined other district courts in concluding that prolonged and indefinite detention without a bond hearing can violate the Due Process Clause. See Yang v. Chestnut, No. 1:26-cv-01902-DJC-EFB, 2026 WL 915018 (E.D. Cal. April 3, 2026); Keo v. Chestnut, No. 1:26-cv-01192-DJC-CSK, 2026 WL 747117 (E.D. Cal. Mar. 17, 2026); Mohammed v. Warden of Cal. City Det. Ctr., No. 1:26-cv-00118-DJC-CSK, 2026 WL 192368 (E.D. Cal. Jan. 26, 2026); K.C. v. Chestnut, No. 1:26-cv-00227-DJC-CSK, 2026 WL 412505 (E.D. Cal. Feb. 13, 2026); Abdul-Samed v. Warden of Golden State Annex Det. Facility, No. 1:25-cv-00098-SAB, 2025 WL 2099343, at *6 (E.D. Cal. July 25, 2025) (explaining that "essentially all district courts that have considered the issue agree that prolonged mandatory detention pending removal proceedings, without a bond hearing, 'will—at some point—violate the right to due process' ") (quoting Martinez v. Clark,

No. 2:18-cv-01669-RAJ, 2019 WL 5968089, at *6 (W.D. Wash. May 23, 2019), report and recommendation adopted, No. 2:18-cv-01669-RAJ, 2019 WL 5962685 (W.D. Wash. Nov. 13, 2019)).

In Demore, 538 U.S. 510, the Supreme Court rejected a facial challenge to mandatory detention under 8 U.S.C. § 1226(c). The Supreme Court upheld its "longstanding view that the Government may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings." Id. at 526. The Supreme Court distinguished Zadvydas v. Davis, 533 U.S. 678 (2001) by emphasizing that mandatory detention under § 1226(c) has "a definite termination point" and "in the majority of cases it lasts for less than the 90 days . . . considered presumptively valid in Zadvydas." Id. at 529. However, Justice Kennedy specifically noted that "a lawful permanent resident alien such as respondent could be entitled to an individualized determination as to his risk of flight and dangerousness if the continued detention became unreasonable or unjustified." Demore, 538 U.S. at 532 (Kennedy, J., concurring).

The Ninth Circuit Court of Appeals has yet to take a position on whether due process requires a bond hearing for noncitizens detained under 8 U.S.C. § 1226(c), but it has recognized that "district courts throughout this circuit have ordered immigration courts to conduct bond hearings for noncitizens held for prolonged periods under § 1226(c)" based on due process and noted that "[a]ccording to one such court order, the 'prolonged mandatory detention pending removal proceedings, without a bond hearing, will—at some point—violate the right to due process.'" Martinez v. Clark, 36 F.4th 1219, 1223 (9th Cir. 2022) (citation omitted), vacated on other grounds, 144 S. Ct. 1339 (2024). Although the Ninth Circuit has not decided that question, it has expressed "grave doubts that any statute that allows for arbitrary prolonged detention without any process is constitutional or that those who founded our democracy precisely to protect against the government's arbitrary deprivation of liberty would have thought so." Rodriguez v. Marin, 909 F.3d 252, 256 (9th Cir. 2018). This Court shares those doubts and will therefore analyze whether a due process violation has resulted from the length of petitioner's detention without a bond hearing in this case.

D. Plaintiff's Procedural Due Process Claim

To determine if petitioner's due process rights have been violated by his six-month detention without a bond hearing, the court must answer two questions: "the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution." Garcia v. Andrews, No. 2:25-cv-01884-TLN-SCR, 2025 WL 1927596, at *2 (E.D. Cal. July 14, 2025).

Petitioner has a clear liberty interest in securing his freedom from detention. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." Zadvydas, 533 U.S. at 690. Petitioner was detained in February 2026 and has remained in custody for approximately six months. Further, petitioner faces indefinitely prolonged detention while judicial review of his claims for relief from removal plays out. As petitioner has been deprived of the liberty secured by the Due Process Clause and this deprivation may continue for a protracted and indefinite period, petitioner has established his liberty interest. See Zadvydas, 533 U.S. at 690, 693. Having established that petitioner has a protected liberty interest, the court must determine what process is owed under the Constitution.

Courts in this Circuit weigh the following factors to ascertain when prolonged detention pursuant to 8 U.S.C. § 1226(c) violates the Due Process Clause:[4] "(1) the total length of detention to date; (2) the likely duration of future detention; (3) whether the detention will exceed the time the petitioner spent in prison for the crime that made [them] removable; (4) the nature of the crimes the petitioner committed; (5) the conditions of detention; (6) delays in the removal proceedings caused by the petitioner; (7) delays in the removal proceedings caused by the government; and (8) the likelihood that the removal proceedings will result in a final order of

[4] Given the dearth of guidance on the issue, courts within the Ninth Circuit have applied various balancing tests to determine whether the procedures afforded noncitizens like petitioner comport with due process. Although some courts have applied the balancing test from Mathews v. Eldrige, 424 U.S. 319 (1976) in this context, the court will adopt the reasoning of Yang v. Chestnut, No. 1:26-cv-01902-DJC-EFB, 2026 WL 915018 (E.D. Cal. April 3, 2026), and employ the multi-factor test utilized by many other district courts in this circuit.

removal." Martinez, 2019 WL 5968089, at *7.

First, the length of detention, which is the most important factor, weighs in petitioner's favor as petitioner has been detained for approximately six months without a bond hearing. This length is commensurate with what federal district courts in California have found warrants a bond hearing under the Due Process Clause. See, e.g., Marco Antonio B.R. v. Warden of Golden State Annex Detention Facility, No. 1:26-cv-0810-TLN-CSK, 2026 WL 1091489 (E.D. Cal. Apr. 22, 2026) (holding petitioner detained for five months without a bond hearing was likely to succeed on claim that continued prolonged detention is unconstitutional); Yagoub v. LaRose, No. 3:26-cv-00914 JLS-JLB, 2026 WL 673799, at *2 (S.D. Cal. Mar. 10, 2026) (finding petitioner's detention of "nearly eight months" without a bond hearing weighed in petitioner's favor); Amado v. United States Dep't of Just., No. 3:25-cv-02687-LL-DDL, 2025 WL 3079052, at *5 (S.D. Cal. Nov. 4, 2025) (explaining that "[c]ourts have found detention over seven months without a bond hearing weighs toward a finding that it is unreasonable" and collecting cases).

The second factor also strongly favors petitioner. This factor requires consideration of "how long the detention is likely to continue absent judicial intervention; in other words, the anticipated duration of all removal proceedings including administrative and judicial appeals." Martinez, 2019 WL 5968089, at *9. Petitioner's detention is likely to endure indefinitely while determinations about petitioner's removability are made and appealed. Id. (finding likely length of future detention absent judicial intervention weighed in favor of granting a bond hearing even where petitioner had already received a removal order and filed an appeal). Thus, this factor weighs in petitioner's favor. Loba L.M. v. Andrews, No. 1:25-cv-00611-JLT-SAB-HC, 2025 WL 2939178, at *6 (E.D. Cal. Oct. 16, 2025), report and recommendation adopted, No. 1:25-cv-00611-JLT-SAB, 2025 WL 3187577 (E.D. Cal. Nov. 14, 2025) (finding that "[a]lthough future events are difficult to predict, the Court nevertheless finds that the pending appeal before the BIA and possible remand to the immigration court for further proceedings or possible judicial review by the Ninth Circuit will be sufficiently lengthy such that this factor weighs in favor of Petitioner"); Bojorge-Sequeira v. Geo Grp. Inc., No. 2:25-cv-01807-KKE-GJL, 2026 WL 288378, at *5 (W.D. Wash. Jan. 15, 2026), report and recommendation

adopted, No. 2:25-cv-01807-KKE-GJL, 2026 WL 285657 (W.D. Wash. Feb. 3, 2026) (finding this factor weighed in favor of petitioner who had appealed the Immigration Judge's decision to the BIA).

The third and fourth factors weigh in the government's favor as petitioner was convicted of serious crimes, including assault with a deadly weapon, and his current detention does not outlast the several years of cumulative sentences he has served. See Martinez, 2019 WL 5968089, at *7 (noting this factor considers "whether the detention will exceed the time the petitioner spent in prison for the crime that made [them] removable."); Keo, 2026 WL 747117, at *3.

The fifth factor weighs heavily in petitioner's favor. "The more that the conditions under which the [non-citizen] is being held resemble penal confinement, the stronger [the] argument that [they are] entitled to a bond hearing." Gomez v. ICE Field Off. Dir., No. 2:25-cv-02242-TL-TLF, 2026 WL 449536, at *5 (W.D. Wash. Jan. 27, 2026), report and recommendation adopted sub nom. Osuna Gomez v. ICE Field Off. Dir. & Facility Adm'r, No. 2:25-cv-02242-TL-TLF, 2026 WL 447409 (W.D. Wash. Feb. 17, 2026) (alterations in original). Petitioner has asserted, and respondents do not dispute, that his current conditions of confinement are causing him to suffer health issues from extreme stress as well as mental health problems. ECF Nos. 1 at 6. Petitioner also asserts that he is being denied a religious diet—something that would be made available to petitioner if he was in penal confinement. Id. Accordingly, this factor weighs strongly in petitioner's favor.

The sixth factor is neutral, while the seventh factor slightly favors petitioner. In assessing whether petitioners have contributed to the delay of immigration proceedings, courts distinguish between "legitimate defenses" to removal, which "cannot undermine [a petitioner's] claim that detention has become unreasonable," and "dilatory" or "bad faith" tactics to "deliberately slow the proceedings." Martinez, 2019 WL 5968089, at *10 (collecting cases); see also Abduraimov v. Andrews, No. 1:25-cv-00843-EPG-HC, 2025 WL 2912307, at *9 (E.D. Cal. Oct. 14, 2025). The government does not identify any steps petitioner took in bad faith to delay his removal proceedings, and petitioner's requests for continuances in his immigration proceedings are

appropriate avenues he is entitled to pursue. See Masood v. Barr, No. 19-cv-7623-JD, 2020 WL 95633, at *3 (N.D. Cal. Jan. 8, 2022) (observing that it "ill suits the United States to suggest that he could shorten his detention by giving up these rights [to appeal] and abandoning his asylum application"); Keo, 2026 WL 747117, at *3. Though petitioner also points to no steps the government has taken in bad faith to delay these proceedings, any "delay is attributable to the Government." See Martinez, 2019 WL 5968089, at *10.

Finally, the eighth factor is neutral. The court lacks sufficient information to assess the likelihood that petitioner's current removal proceedings will result in a final order of removal and, therefore, declines to do so. See Sarr v. Scott, 765 F. Supp. 3d 1091, 1109 (W.D. Wash. 2025) (declining to speculate as to the merits of petitioner's appeal to the Ninth Circuit after the Immigration Judge and the BIA found petitioner removable).

The balance of these factors supports petitioner because four factors—including the most important factor which is the length of petitioner's detention—weigh in petitioner's favor. Having established that petitioner has a liberty interest and determined that his prolonged detention warrants due process, the court finds petitioner is entitled to a bond hearing. Because the court finds relief appropriate on the merits of petitioner's procedural due process claim, the court declines to address petitioner's alternative claims seeking the same or similar relief.

## CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's Amended Petition for Writ of Habeas Corpus (ECF No. 15) be GRANTED;

2. Respondents be ordered to provide petitioner with a constitutionally adequate bond hearing before an immigration judge at which respondent must justify petitioner's continued detention by clear and convincing evidence. In the event petitioner is determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond, the immigration judge should consider petitioner's financial circumstances and alternative conditions of release.

These findings and recommendations are submitted to the United States District Judge

assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). Within **three** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 17, 2026

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE